WALLACE, J.,
concurring in part and dissenting in part.
I concur in the panel’s disposition except for the holding reversing the district court’s determinations that Deputy Constable Lou Toomin and Constable John Bonaventura cannot be held liable under Title VII. While the disposition correctly holds that the district court’s failure to give Henderson an opportunity to address these issues is reversible error under Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.1996), instead of reversing and remanding for the district court to allow *643 Henderson to address the issues, I would follow Provenz’s lead by considering Henderson’s proposed surreply in deciding whether the district court erred in its determinations. Id.
Henderson argues that the district court erred in holding that Toomin “is not an ‘employer’ who can be sued under Title VII at all.” While the court was correct insofar as Toomin cannot be held liable in his individual capacity, Miller v. Maxwell’s Int’l Inc., 991 F.2d 583, 587 (9th Cir.1993), it nonetheless erred by holding that he cannot be held liable “at all” because an employee can create liability for an employer under the theory of respon-deat superior. Id. at 588 (“No employer will allow supervisory or other personnel to violate Title VII when the employer is hable for the Title VII violation”). Thus, I would vacate and remand the district court’s ruling as to Toomin because the district court’s blanket holding fails to recognize that Toomin’s actions may create liability for the Constable’s Office.
Henderson also argues that the district court erred in holding that Bonaventura could be held liable only in his official capacity. I would affirm this portion of the court’s ruling since an employee cannot be held liable under Title VII in his individual capacity. Id. at 587.